IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICARDO VALAZQUEZ-FLORES,**

    Petitioner,                                 Civ. No. 2:16-cv-00584
                                                 Crim. No. 2:13-cr-0018
    v.                                               JUDGE JAMES L. GRAHAM
                                                 Magistrate Judge King

**UNITED STATES OF AMERICA,**

    Respondent.

**REPORT AND RECOMMENDATION**

    Petitioner, a federal prisoner, has filed a *Motion to Vacate, Set Aside, or Correction Sentence under 28 U.S.C. § 2255.* (ECF No. 20)("*Motion to Vacate*"). This matter is before the Court on Respondent's *Motion to Dismiss* (ECF No. 23). Although Petitioner was granted an opportunity to respond to the motion, *see Order* (ECF No. 24), the *Motion to Dismiss* is unopposed. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 23) be **GRANTED** and that the *Motion to Vacate* (ECF No. 20) be **DISMISSED**.

**Facts and Procedural History**

    Petitioner was convicted on his plea of guilty, entered pursuant to his *Plea Agreement* (ECF No. 3), to conspiracy to violate the Hobbs Act and violation of the Hobbs Act, 18 U.S.C. § 1951, and aiding and abetting in the discharge of a firearm during the commission of an offense of violence, in violation of 18 U.S.C. § 924(c)(1)(A). On May 24, 2013, and as agreed to by the parties*, see Transcript of Proceedings of Sentencing Hearing* (ECF No. 19), the Court imposed a sentence of 204 months' incarceration plus five years supervised release, such sentence to be served concurrently with Petitioner's state court case. *Judgment* (ECF No. 17).

In his *Motion to Vacate*, filed on June 23, 2016, Petitioner invokes *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551 (2015), in which the United States Supreme Court held the residual clause of § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague and therefore invalid. Petitioner argues that, in light of *Johnson,* his firearm conviction under 18 U.S.C. § 924(c)(1)(A) must be vacated.  This Court disagrees.

Under the ACCA, a criminal defendant who possesses a firearm after three or more convictions for a "serious drug offense" or a "violent felony" is subject to a minimum sentence of 15 years and a maximum term of life in prison.  18 U.S.C. § 924(e)(1).  The ACCA defines the term "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives*, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]*

18 U.S.C. § 924(e)(2) (emphasis added).  The italicized portion of subsection (ii) is known as the "residual clause."   *See Welch v. United States,* — U.S. —, —, 136 S.Ct. 1257, 1261 (2016)(holding that *Johnson* applies retroactively to cases on collateral review). It is this portion of the statute that the Supreme Court in *Johnson* declared to be unconstitutionally vague.

> In the *Johnson* Court's view, the "indeterminacy of the wide-ranging inquiry" made the residual clause more unpredictable and arbitrary in its application than the Constitution allows. *Id.*, at —–, 135 S.Ct., at 2557. "Invoking so shapeless a provision to condemn someone to prison for 15 years to life," the Court held, "does not comport with the Constitution's guarantee of due process." *Id.*, at ——, 135 S.Ct., at 2560.

*Welch,* 136 S.Ct. at 1262.

Petitioner was not convicted under 18 U.S.C. §924(e)(2)(B)(ii). Rather, Petitioner's firearm conviction related to 18 U.S.C. § 924(c)(1)(A),[1] which provides for an enhanced punishment for any person who uses, carries, or possesses a firearm "during and in relation to" or "in furtherance of" any crime of violence or drug trafficking crime. The statute defines "crime of violence" as a felony that:

---

[1] 18 U.S.C. § 924(c)(1) provides:

(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

(B) If the firearm possessed by a person convicted of a violation of this subsection—

(i) is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years; or

(ii) is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.

(C) In the case of a second or subsequent conviction under this subsection, the person shall—

(i) be sentenced to a term of imprisonment of not less than 25 years; and

(ii) if the firearm involved is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, be sentenced to imprisonment for life.

(D) Notwithstanding any other provision of law—

(i) a court shall not place on probation any person convicted of a violation of this subsection; and

(ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

3

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Section 924(c)(3)(A) is referred to as the 'force clause' of the statute, while section 924(c)(3)(B) is referred to as the 'residual clause.'" *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *2 (E.D. Mich. Dec. 18, 2015)(footnote omitted).

Petitioner takes the position that the residual clause of § 924(c) is, like the residual clause of § 924(e) addressed in *Johnson*, unconstitutionally vague. It therefore follows, he argues, that his conviction for aiding and abetting the discharge of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) is also constitutionally invalid. However, the United States Court of Appeals for the Sixth Circuit has rejected this argument. *United States v. Taylor*, 814 F.3d 340, 375 (6th Cir. 2016)). Other federal courts to address the issue have also concluded that *Johnson* does not apply to a conviction under § 924(c):

> *See United States v. Walker*, No. 3:15cr49, 2016 WL 153088, at *9 (E.D. Va. Jan. 12, 2016) (declining to extend *Johnson* to Section 924(c)(3)(B)); *United States v. Hunter*, No. 2:12cr124, 2015 WL 6443084, at *2 (E. D. Va. Oct. 22, 2015) ("The Court cannot find on the record before it or on the law of this Circuit that the Supreme Court in *Johnson* intended to invalidate the residual clause of § 924(c). The residual clause of the ACCA had faced significantly more confusion in the lower courts, was a much broader clause than § 924(c), and required courts to analyze conduct outside of that conduct required for the charged offense."); *United States v. Willie* Moore, No. 3:03-cr-169, 2016 WL 126921, at *2 (S. D. Oh. Jan. 12, 2016) ("Nothing in *Johnson* implies that § 924(c) is unconstitutional"). Furthermore, this Court has previously held in *United States v. Hayes*, No. RDB-14-0577 (D. Md. Dec. 21, 2015) that "the residual clause in Section 924(c)(3)(B) is not unconstitutionally vague."

*United States v. Green,* No. RDB-15-0526, 2016 WL 277982, at *4 (D. Maryland Jan. 21, 2016). Furthermore, Petitioner's conviction under § 924(c) was based on his commission of an underlying crime of violence, *i.e*., a Hobbs Act offense:

4

> The determination that Hobbs Act robbery constitutes a crime of violence under section 924(c)(3)(A) has been announced again and again by courts addressing this issue, even after the Supreme Court's decision in *Johnson. See, e.g., United States v. Bennett*, No. 3:15CR134, 2016 WL 354753, at *4 (E.D. Va. Jan. 27, 2016) (observing that "post-*Johnson*, numerous district courts – including this one – have held that robbery offenses qualify as crimes of violence under § 924(c)(3)(A)," and that the defendant "fails to cite any case holding otherwise in the Hobbs Act robbery context") (collecting cases); *United States v. Anglin*, No. 14-CR-3, 2015 WL 6828070, at *6 (E.D. Wis. Nov. 6, 2015) ("Since *Johnson* issued, several courts have found that Hobbs Act crimes qualify as crimes of violence under the force clause, which was unaffected by *Johnson*."); *United States v. Redmond*, No. 3:14-CR-00226-MOC, 2015 WL 5999317, at *4 (W.D.N.C. Oct. 13, 2015) (holding that Hobbs Act robbery indictment alleging that the defendant employed "means of actual and threatened force, violence, and fear of immediate and future injury" "specifically alleges a crime of violence as defined under § 924(c)(3)(A)"); *United States v. Standberry,* No. 3:15CR102-HEH, 2015 WL 5920008, at *5 (E.D. Va. Oct. 9, 2015) ("Hobbs Act robbery contains as one of its elements the actual, attempted, or threatened use of physical force against the person or property of another, thereby constituting a crime of violence under § 924(c)(3)(A).") (collecting cases); *see also Gov't Opp.* at 5–6 (collecting cases).

*United States v. McCallister*, No. 15-0171 (ABJ), 2016 WL 3072237, at *7 (D.D.C. May 31, 2016)(footnote omitted)("[T]he Court cannot imagine a scenario in which Hobbs Act robbery. . . could be accomplished without the threat or use of physical force against a person or property.") *See also United States v. McDaniels*, 147 F.Supp.3d 427 (E.D.Va. 2015)(concluding that Hobbs act robbery is categorically a crime of violence pursuant to the Force Clause of § 924(c)(3)).

For all these reasons, the Court concludes that Petitioner is not entitled to the relief sought in the *Motion to Vacate*, and that Respondent's *Motion to Dismiss* is meritorious.

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 23) be **GRANTED** and that the *Motion to Vacate* (ECF No. 20) be **DISMISSED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

   *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
November 22, 2016